UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
CAMBRIDGE FUNDING SOURCE LLC,

                           Plaintiff,

v.                                            <u>ORDER</u>

HCF INSURANCE AGENCY, et al.,          22-CV-03372 (PMH)

                          Defendants.
---------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

       On or about March 21, 2022, Plaintiff commenced an action in the Supreme Court of the State of New York, County of Sullivan against HCF Insurance Agency; Adelman California Investments, LLC; Adelman Tarzana Investments, LLC; Adelman La Jolla Investments, LLC; Adelman Investments, LLC; Adelman Georgia Investments, LLC; Affinity Global Insurance Services, LLC; Avantgarde Senior Living; Avantgarde Senior Living of La Jolla; Avantgarde Memory Care of Tarzana; Avantgarde Senior Living and Memory Care; and Jason Michael Adelman (collectively, "Defendants") by the service and filing of a Summons and Complaint. (Doc. 1, "Not." ¶ 1; Doc. 1-1). On April 26, 2022, Defendants removed this action from state court pursuant to 28 U.S.C. §§ 1441 and 1446. (Not. ¶¶ 3-5).

       The basis for removal is the alleged diversity of the parties under 28 U.S.C. § 1332(a). (*Id*. ¶¶ 6-9). Defendants assert that "the Action is between citizens of different states and there is complete diversity for purposes of 28 U.S.C. §§ 1332 and 1441." (*Id*. ¶ 9). According to Defendants, complete diversity exists because "HCF Insurance Agency; Adelman California Investments, LLC; Adelman Tarzana Investments, LLC; Adelman La Jolla Investments, LLC; Adelman Investments, LLC; Adelman Georgia Investments, LLC; Affinity Global Insurance Services, LLC; Avantgarde Senior Living; Avantgarde Senior Living of La Jolla; Avantgarde

Memory Care of Tarzana; [and] Avantgarde Senior Living and Memory Care are California limited liability companies doing business in Woodland Hills, California;" "Jason Michael Adelman resides in Bell Canyon, California;" and Plaintiff, a limited liability company, "alleges that it is a New York Business, registered in New York with its principal place of business located in New York." (*Id.* ¶¶ 7-8).

However, it is axiomatic that, "[w]ith the exception of corporations, the citizenship of business entities is derived from the citizenship of all members of the entity." *Carden v. Arkoma Assocs.*, 494 U.S. 185, 189 (1990); *ICON MW, LLC v. Hofmeister*, 950 F. Supp. 2d 544, 546 (S.D.N.Y. 2013) ("[L]imited liability companies . . . obtain citizenship from each of their members."). Thus, the Notice of Removal fails to adequately allege the citizenship of each of the parties to this action for Defendants' assertion of jurisdiction based upon diversity of citizenship.

Accordingly, by April 5, 2022, Defendants shall file a letter via ECF explaining the basis for their assertion that diversity of citizenship exists. To the extent any party is a partnership, limited partnership, limited liability company, or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners, and/or trustees. Defendants are directed to serve a copy of this Order on Plaintiff via e-mail to its counsel.

SO-ORDERED.

Dated: White Plains, New York
       April 28, 2022

_____
Philip M. Halpern
United States District Judge